UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESURANCE INSURANCE
COMPANY,

        Plaintiff,

v.

Case No.: 17-12509
Honorable Gershwin A. Drain

LAMARR MAXIE,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#5] AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY [#10]

### I. INTRODUCTION

Plaintiff Esurance Insurance Company filed this declaratory judgment action on August 2, 2017. Presently before the Court is Defendant Lamarr Maxie's Motion to Dismiss, filed on August 23, 2017. This matter is fully briefed[1] and a hearing was held on November 7, 2017. For the reasons that follow, the Court will GRANT Defendant's Motion to Dismiss.

---

[1] Plaintiff filed a Motion for Leave to File Sur-Reply on October 27, 2017. The Court will deny Plaintiff's Motion for Leave to File Sur-Reply because Plaintiff has not established good cause for granting its requested relief.

## II. FACTUAL BACKGROUND

The instant dispute stems from Plaintiff's issuance of a homeowners insurance policy to Defendant, which insured his interest in residential premises located at 7288 Canterbury Drive in Romulus, Michigan, as well as the personal property contained therein. The property is secured by a mortgage and note in favor of Seterus Inc. in the amount $260,000.00. Seterus Inc.'s interest in the subject property is also insured under the standard mortgage clause of the subject policy.

On April 14, 2016, a fire occurred at the Canterbury premises causing damage to the home and the personal property therein. Defendant notified Plaintiff of the fire and his intent to submit a claim under the subject policy for his losses. He filed a "Sworn Statement in Proof of Loss" on June 2, 2016. Thereafter, Plaintiff commenced an investigation into the circumstances of the fire. In the interim, Plaintiff paid $9,275.48 in payments for Defendant's additional living expenses as a result of the fire.

Plaintiff asserts that its investigation uncovered facts which render the subject policy void ab initio. Plaintiff maintains that Defendant's primary residence was not the home on Canterbury Street on the date of the fire. Rather, an individual by the name of Brian Glenn resided at the premises pursuant to a rental agreement with Defendant. Plaintiff argues that it would not have issued the

subject policy of insurance had it known Defendant was not going to primarily reside in the home.

Additionally, Plaintiff alleges that Defendant has intentionally and fraudulently concealed and misrepresented material facts, as well as failed to cooperate during its investigation of his claim.

Plaintiff ultimately denied Defendant's claim arising from the April 14, 2016 fire based on the results of its investigation and Defendant's purported obstructionist behavior.

On December 19, 2016, Defendant filed a breach of contract action against Plaintiff in the Wayne County Circuit Court. On January 20, 2017, Plaintiff filed its Answer and Affirmative Defenses in the state court action. Plaintiff's affirmative defenses assert that the subject policy is void because Defendant failed to comply with the policy's terms and conditions, has intentionally concealed and misrepresented material facts relative to the application for insurance as to his primary residence, as well as relative to the loss and his claims and has failed to cooperate. Plaintiff reserved the right to amend or supplement its answer at the conclusion of discovery. Discovery has just been completed as of October 30, 2017, and the state court action is set to go to trial in March of 2018.

In the action before this Court, Plaintiff requests the Court declare that the subject policy is void ab initio and that Defendant is precluded from recovering

any sums for loss and damage stemming from the April 14, 2016 fire. Plaintiff also requests reimbursement for the $9,275.48 in payments made to Defendant.

Lastly, Plaintiff requests the Court declare that if it owes any liability to Seturus Inc. under the subject policy, Plaintiff is then subrogated to the rights of Seterus Inc. against any person responsible for the fire, including Brian Glenn and Defendant, and/or that Plaintiff may be entitled to an assignment of the mortgage and note.

### III. LAW & ANALYSIS

Defendant asserts that this Court lacks jurisdiction over this matter, thus Rule 12(b)(1) requires its dismissal, however Defendant's argument is without merit. The Declaratory Judgment Act "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists," therefore this Court must possess an independent basis for subject matter jurisdiction. *One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008). Here, Plaintiff's Complaint sets forth the basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

While this Court may have jurisdiction to resolve Plaintiff's claims, jurisdiction under the Declaratory Judgment Act is discretionary rather than mandatory. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995). Although the

federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.") Additionally, the Sixth Circuit Court of Appeals has held that "in insurance coverage diversity cases[,] declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Id.* at 812-13.

Instead, several factors have been articulated by the Sixth Circuit Court of Appeals to be considered by a district court when determining whether to exercise jurisdiction under the declaratory judgment act: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory

remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R. Co. v. Consolid. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas.*, 373 F.3d at 814-15.

As to the first factor, whether this action will settle the controversy between the parties, Plaintiff argues that this declaratory judgment action will settle the controversy before the Court concerning the issue of the scope of insurance coverage. This circuit has developed competing authority on this factor. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). Some cases have found that this factors concerns whether the declaratory action will settle the controversy without consideration of whether it will likewise resolve the underlying state court action. *Id.* (citing *West Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)).

Another line of cases have determined that "while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d

266, 272 (6th Cir. 2007)). Here, the differences in this circuit's case law does not impact the Court's resolution of this factor because both theories will produce the same result. Namely, that this declaratory action will settle the controversy between Plaintiff and Defendant in both this action and the underlying state court action. This factor favors abstention.

"The second factor in the *Grand Trunk* analysis is closely related to the first factor and is often considered in connection with it." *Scottsdale*, 513 F.3d at 546. "Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Id.* (citing *Bituminous*, 373 F.3d at 814). Here, the declaratory judgment action will clarify the relationship between Plaintiff and Defendant, which will also assist in clarifying their legal relationship in the state court action. This factor favors abstention.

Plaintiff argues that it has not engaged in procedural fencing, or a *res judicata* race, which is the concern with the third *Grand Trunk* factor. When a plaintiff has filed a claim after the state court action was commenced, the Sixth Circuit has "generally given the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of [the] action.'" *Scottsdale*, 513 F.3d at 558 (quoting *Bituminous*, 373 F.3d at 814).

As to the third factor, Defendant argues that Plaintiff has engaged in forum shopping by filing the instant action after losing a discovery motion in the state

7

court. The Court tends to agree despite Sixth Circuit authority suggesting that a plaintiff should be given the benefit of the doubt when he files a declaratory action subsequent to the state court action. Here, there is no discernable reason why Plaintiff did not bring its declaratory claims before the state court by either filing a counter-claim in the state court action or by filing a separate action in the state court and moving to consolidate it with the action that is currently pending. As such, it would appear that Plaintiff is engaging in procedural fencing and attempting to obtain a decision from this Court that will be an "end run around the authority of [the] state court to adjudicate" the issues already before it in the state action. *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1991). This factor favors abstention.

The fourth factor also favors abstention. The United States Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (quoting *Brillhart*, 316 U.S. at 495). "[W]hether a federal court should entertain such actions is a matter of discretion based on weighing considerations of 'equity, comity and federalism,' the uncertain effect of res judicata and the tendency of such decision to 'be a partial end run' around the authority of state

courts to adjudicate claims falling within their jurisdiction." *Omaha Prop. & Cas. Ins.*, 923 F.2d at 448 (quoting *Green v. Mansour*, 474 U.S. 64, 72-73 (1985)).

In this instance, resolution of the contractual issue requires interpretation of state law, there are no federal questions alleged in Plaintiff's Complaint. There is a risk that a declaratory judgment by this Court may be decided differently than if the coverage dispute issue were resolved by the state court. Exercising jurisdiction over this matter under these circumstances "would come at the cost of increas[ing] friction between our federal and state courts and improperly encroaching upon state jurisdiction." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)("The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation."); *see also Travelers*, 495 F.3d at 272 (noting that where "resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court[,]" exercise of jurisdiction under the Declaratory Judgment "would be inappropriate.") This factor favors abstention.

Similarly, the fifth factor favors abstention. When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *See Scottsdale Ins*. Co., 513 F.3d at 562. Here, Plaintiff "could have presented its case to the same court that will decide the underlying tort action."

*Bituminous*, 373 F.3d at 816. There is no authority for Plaintiff's argument that it cannot file suit in Wayne County Circuit Court against Defendant because he lives in Georgia, thus the state court does not have personal jurisdiction over him. Such an argument is wholly meritless.[2]

Personal jurisdiction in Michigan can exist on the basis of general personal jurisdiction, MICH. COMP. LAWS §§ 600.701 and 600.711, or limited personal jurisdiction, MICH. COMP. LAWS §§ 600.705 and 600.715. Here, the state court has limited personal jurisdiction over the Defendant pursuant to subsections (3) and (4). Specifically, the relevant statute states that:

> The existence of the following relationships between an individual . . . and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual . . . arising out of an act which creates any of the following relationships:
>
>            *                         *                         *
>
> (3) The ownership, use, or possession of real or tangible property situated within the state.
>
>            *                         *                         *
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

---

[2] At the hearing on this matter, Plaintiff also argued that it lacks the ability to subpoena non-party witnesses who reside in Georgia if its claims are brought in the state court. To the extent Plaintiff maintains that this Court has subpoena power to command the appearance of non-party witnesses who reside in Georgia, such an argument is without merit. *See* Fed. R. Civ. P. 45(c)(1).

MICH. COMP. LAWS § 600.705(3), (4).[3]  Moreover, Michigan allows insurers to bring declaratory judgment actions in state court. Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). As such, there is an alternative remedy that is more suitable to the resolution of Plaintiff's claims. *Bituminous*, 373 F.3d at 816-17 ("We question the need for declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.")

## IV. CONCLUSION

Accordingly, because the *Grand Trunk* factors favor abstention, the Court will decline to exercise its jurisdiction under the Declaratory Judgment Act and DISMISSES THIS ACTION WITHOUT PREJUDICE.

Defendant's Motion to Dismiss [#5] is GRANTED.

Plaintiff's Motion for Leave to File Sur-Reply [#10] is DENIED.

SO ORDERED.

Dated: November 8, 2017                                    /s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge

---

[3] Additionally, Defendant may consent to the state court's general personal jurisdiction pursuant to MICH. COMP. LAWS § 600.701.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 8, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk